Oaruthers, Jv
delivered the opinion of the Court.
Newell and Prichett were partners in the iron business, under the name of W. E. Newell & Co., and failed about the 18th of November, 1856, with considerable property, both joint and separate, and largely indebted as a firm, and individually. The contest now is between the complainants as assignees and creditors of Pritchett, for a house and lot in Clarksville, owned by him individually, and the defendant, Thompson, who is a judgment creditor of the firm.
On the 9th of Sept., 1856, Thompson recovered his judgment against the firm, for $1138.32, on which fi. fa. issued Oct. 1, 1856, and the same was levied upon the lot in question on the 20th of the next month. Whereupon this bill was filed to enjoin the sale, and appropriate the property to the separate creditors under the' deed of trust made by Pritch-ett for their benefit.
*514 On the 18th of Nov., 1856, Newell and Pritchett made an assignment of their partnership property, to a large amount, and a portion of the separate property of each, to secure creditors of the firm as well as some of their individual debts. But the dwelling house and lot of Pritchett now in question, was not included. But, at the same time, Pritchett alone made an assignment of said house and lot, and other property, to complainants, to secure them and others in the payment of his separate debts.
It further appears that the trustees in the joint assignment purchased of Thompson the benefit of his judgment, by the payment to him of the amount, and obtained an assignment of it.
The complainants claim that as Thompson’s judgment is upon a firm debt, and being anterior to both assignments, is a lien upon the joint as well as the separate property of the partners, and should be satisfied out of the firm property, and not the separate estate of Pritchett, as against the complainants — ■ his individual creditors. The Chancellor thought otherwise and dismissed the hill, or rather decreed the fund — the lot having been sold, and the proceeds in Court — to the defendants. A very forcible and learned argument is made against the decree : But upon full consideration of the authorities, we are brought to the conclusion that the decree is right.
It is clear that Thompson’s claim was several as well as joint, and that his judgment of the 9th of Sept., 1856, was a 'lien upon the separate as well as joint property of Newell and Pritchett, and consequently he had a right to enforce satisfaction out of the property of either. This right of election would extend to the assignees of Thompson’s judgment, unaffected by the deeds of trust. The fact that they had become interested in the preservation of the firm effects, as creditors under the joint assignment, and for that reason would protect them by seeking satisfaction out of the individual property of one of •the partners, cannot affect the question of right.
It seems that a loss must fall somewhere, as the whole property,. both joint and several, will fall far short of paying the *515 debts, and the contest is, who shall save the most, or suffer the least.
The assignments being subsequent to the judgment, could have no effect to change or abridge the rights of the judgment creditor, or control and limit his lien. If it was his right before that, to elect whether he would enforce satisfaction out of the joint or individual property of the partners, such right still continued, notwithstanding the assignments. And that such is the law, there would not perhaps be any controversy. Story on Part., Note to sec. 376; sec. 379; 1 Story Eq., § 645.
But it is contended that the rule which requires that debts against a firm shall have priority of satisfaction out of the partnership effects, and debts against the individual members should have a like preference over the firm debts, as to their separate property, applies to this case. We think it does not.
There is no lien, or other equity, in favor of firm creditors upon the partnership effects. This can only be fixed by judgment, like other creditors. So the partners may make a bona fide transfer of the joint property, exempt from any lien for firm debts, to one of their own members, as well as a stranger. Story on Part., 358. By such voluntary sale, the partners themselves part with any right they may have had to hold the firm means liable for its debts. Story on Part., 359. The partners themselves have a right to force the application of the partnership property to the payment of the firm debts; and this right — sometimes called a lien — is paramount to the right of a creditor of any member of the firm, to the interest of his individual debtor in the concern. The firm creditors, in this way, have a preference over the individual creditors, to have satisfaction out of the joint property. In this way, and for the benefit of the partners alone, a preference is given to the joint creditors. So that any lien or equity the creditor has, is worked out through, and is entirely dependent upon, that of the partner. Story on Part., 97, 360. This specific lien of each partner upon the present and future property of the firm, extends not only to their joint liabilities to third persons, but to the capital stock, and funds- *516 advanced by each member, and for all funds or moneys abstracted by either. Story on Part., 97.
The representatives of a deceased partner, and the assignee in bankruptcy, enjoy the same rights of the member of the firm they represent, and no others. This rule applies to these •cases, and to cases of insolvency under certain circumstances, and perhaps to no others. To give application to the principle under consideration, there must be two funds for distribution, with creditors against each, — the one joint and the •other several, — and an equitable right on the part of the •owners of the joint fund, or the separate fund, to throw the •debt upon the other. That does not exist in this case. Thompson’s debt is several as well as joint. He had a judgment against both partners before the assignments, and the property of both, as well separate as joint, was liable to him, with a lien fixed upon it all prior to the right of the separate •creditors of Prichett under his trust deed. As has been be,fore shown, Thompson had a perfect right to take the joint •or separate property of either, as he might elect. So at the •time the right of the separate creditors accrued by virtue of the assignment for their benefit, the property assigned was •appropriated by law to another. If there had been no judgment at the time, the question would of course have been very •different.
2. But another principle is relied upon by the complainants. When one creditor has two funds out of which he can make .his debt, and another creditor can only reach one of them, the former shall be forced to go upon the fund not subject to the debt of the latter. It is true that such is the general rule of equity. But like the other rule discussed above, it does not cover the case in hand. That principle only applies to cases where both debts are due by precisely the same debtors. Story on Part., 364. 1 Story Eq., 560. That is not the case here. The debt of Thompson is due from Newell and Pritchett, and that of the complainants from the latter alone. The case of Dorr v. Shaw, 4 John. Ch. Rep., 20, is to the _ same point. In that case the Court adopts the rule laid down *517 by Lord Eldon, in Kendal’s, case 17, Ves., 520 : If “A. has a right to go upon two funds, and B. upon one, having both the same debtor, and the funds are the property of the same person, A. shall take payment from the fund to which he can resort exclusively, so that both may be paid.” But here the creditors, as well as fhe funds, are different. The one fund— that in controversy — belongs to Pritchett, and the other to the firm. To the same effect is sec. 645, Story’s Eq. See, also, sec. 644.
In addition to these considerations, it is perhaps sufficient to say, that inasmuch as there is no doubt but that since the act of 1789, ch. 57, all obligations and assumptions of partners are made several as well as joint, a judgment against the firm is a lien upon the separate as well as joint property of the partners; the separate estate of Pritchett become hound from the date of the judgment, so as to take it out of the power of the owner to appropriate it to any other debts, either joint or individual, as against that lien. Reid v. House, 2 Hum., 583. It is no answer to say that he also had a lien upon the joint property of the firm, which was sufficient to satisfy his debt, because, as we have seen in the commencement of this opinion, he cannot be controlled as to the fund to which he may resort in such a ease.
The result is, that the decree of the Chancellor will be affirmed, and the fund paid out accordingly; for which purpose the case will be remanded.